IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

    Plaintiff,                    No. CIV S-12-0489 DAD P

    vs.

GOVERNOR OF CALIFORNIA, et al.,

    Defendants.             ORDER

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a motion for leave to proceed in forma pauperis. Plaintiff has not submitted his in forma pauperis motion on a proper form. For that reason, the motion will be denied without prejudice, and plaintiff will be granted thirty days to submit a new motion on the proper form. Plaintiff's March 23, 2012 motion to proceed in forma pauperis is accompanied by a certified copy of plaintiff's prison trust account statement and plaintiff need not submit another prison trust account statement with the new motion.

        Plaintiff has also filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary

1

assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's March 23, 2012 motion for appointment of counsel (Doc. No. 4) is denied.

        2. Plaintiff's March 23, 2012 motion for leave to proceed in forma pauperis (Doc. No. 5) is denied without prejudice.

        3. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action.

        4. Plaintiff shall submit, within thirty days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice.

DATED: April 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12:md
will0489.3d